[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"The purpose of a motion to strike is to `contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Emphasis added.) Id., 215.
To make out a legally sufficient claim for intentional infliction of emotional distress, the plaintiff must allege facts that show: 1) that the defendant knew or should have known that his conduct would cause emotional distress; 2) that the defendant's actions were extreme and outrageous; 3) that the defendant's actions caused the plaintiff's distress; and 4) that the plaintiff suffered severe emotional distress. Petvan v. CT Page 2462 Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). A motion to strike should be granted if these four elements are not pleaded. See Cecere v. LaBonne Epicure, 4 Conn. L. Rptr. 822, 824 (September 9, 1991, Hennessey, J.).
In the present case, the plaintiff has merely alleged the elements outlined in Petvan v. Ellis, supra, with no supporting facts. Accordingly, defendant's motion to strike count two is granted.
SYLVESTER, J.